Chicago, Rock Island & Pacific Railway Company
*v.* Allison.

## Opinion delivered January 1, 1917.

Carriers—compelling white passenger to ride in negro compart-
ment—damages.—A railway company will be liable in damages to
a white woman passenger, who was invited to ride in the negro com-
partment of the passenger coach, by the company's conductor, the
white compartment being crowded with men who were smoking; but
where the women rode only three or four miles, a verdict of $250
damages will be reduced to $50.

Appeal from Hot Spring Circuit Court; *W. H.
Evans*, Judge; modified and affirmed.

*Thos. S. Buzbee* and *Geo. B. Pugh*, for appellant.

1. The verdict is excessive. 88 Ark. 282; 119
Pac. 810; 85 S. W. 299; 138 *Id.* 216; 136 *Id.* 2; 95 Atl.
209.

*M. S. Cobb*, for appellee.

Taking into consideration all the elements of dam-
age and the facts, the judgments are not excessive. The
cases cited by appellant are not in point.

McCulloch, C. J. The plaintiffs, Mrs. Lennie
E. Allison and Miss Ida Trussell, white persons, insti-
tuted separate actions against the Chicago, Rock Island
& Pacific Railway Company to recover damages on
account of having been required, as alleged, to ride in
a negro coach with negroes. The plaintiffs were sisters,
and Miss Trussell died during the pendency of the ac-
tions. The action instituted by Miss Trussell was re-
vived in the name of the administrator of her estate,
and the two actions were consolidated and tried to-
gether. The case has been here on a former appeal and
the judgments against the defendant were reversed.
120 Ark. 54. On the second trial, the jury returned a
verdict assessing damages in the sum of $250 in favor
of each of the plaintiffs, and the only question raised
on this appeal concerns the excessiveness of the award
of damages.

The incident out of which the claim for damages arose took place on March 18, 1913, and Mrs. Allison was then about eighteen years of age and unmarried. Her sister, Miss Trussell, was about fourteen years old. They boarded the train at Price for the purpose of riding to Lawrence, another station three or four miles distant, and were in company with their brother, a lad about twelve years old, and a Mr. Wyatt and the latter's wife. Mrs. Wyatt was chaperoning the party, as Mrs. Allison states in her testimony. There was only one coach, divided into two compartments—one for white passengers and the other for colored passengers. The compartment for white passengers was crowded with men, many of whom were smoking, and the conductor directed the three ladies to go into the negro compartment, telling them that his wife was riding in there, and that it would be more comfortable for them on account of the crowded condition of the other compartment and the fact that it was filled with tobacco smoke. Mr. Wyatt and the boy were given seats in the white compartment with the men.

There is a conflict in the testimony as to the precise time when the conductor made this explanation to the ladies of his reason for putting them in the negro compartment. The conductor testified that he made that explanation to the ladies when he invited them into the negro compartment, but Mrs. Allison testified that the explanation was made after they had taken seats in there and when they protested against remaining in there. She states that the conductor told her that his wife was in that compartment, and pointed to a veiled lady sitting across the aisle, but that she (witness) could not discover whether the woman was white or colored. It is undisputed that the white compartment was crowded with men who were smoking, and that the conductor's wife was in the negro compartment, sitting across the aisle from the plaintiffs. Mrs. Allison gives no reason for doubting the truth of the conductor's statement that the lady across the aisle was his wife, and it is not contended that the conductor treated the

ladies otherwise than with the utmost courtesy, unless it can be said to have been a discourtesy to politely invite them into the colored coach where his wife was seated. The conductor admitted that his act was in violation of the rules of the company about separating white and colored passengers, but stated that he did what he thought was for the comfort of the ladies, as he had done for his wife.

We are of the opinion that the jury's award of damages was clearly excessive. Mrs. Allison stated in her testimony that she rode unwillingly in the negro compartment, and was frightened and nervous and felt humiliated on account of having to ride with negroes, but with her brother and the husband of Mrs. Wyatt, the chaperone, sitting near by, and the conductor's wife sitting across the aisle, her fears appear to us to have been groundless. They only rode three or our miles—perhaps covering a period of ten or fifteen minutes—and the discomfort and sense of humiliation could not have been very considerable under those circumstances. We appreciate the fact that it was distasteful to the ladies to be thus forced by circumstances to ride in the compartment set apart for negro passengers, but when it comes to measuring the discomfort in an award of damages, we think that the injury sustained was not very considerable. It is difficult to find a rule whereby such damages can be measured, but we think that fifty dollars is a sufficient sum for each of the ladies to recover on account of the violation of their rights.

The amount to be recovered by each of the plaintiffs is reduced to that sum, and the judgments are accordingly modified.